1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER ACKERMANN,<br><br>                    Plaintiff,<br><br>          v.<br><br>GENE SHIVELY; and DOES 1 through 10,<br><br>                    Defendants. | Case No. 2:22-cv-08729-SPG-RAO<br><br>**ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS** |

        The Court sua sponte REMANDS this action to the California Superior Court for the County of Ventura for lack of subject matter jurisdiction, as set forth below.

**I.      BACKGROUND**

        On September 21, 2022, Plaintiff Peter Ackermann, ("Plaintiff") filed an unlawful detainer action in Ventura County Superior Court against Defendant Gene Shively ("Defendant").  (ECF No. 1 at 6).  Plaintiff asserts that Defendant failed to pay rent and failed to vacate the property after proper notice.  (*Id.* at 7–8).

        On December 1, 2022, Defendant filed a Notice of Removal, invoking the Court's federal question jurisdiction.  (*Id.* at 2–3).  Defendant also filed an Application to Proceed in District Court Without Prepaying Fees or Costs.  (ECF No. 3).

-1-

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the Constitution and statutes. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The Court has a duty to examine its own subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If it finds an obvious jurisdictional issue, the Court may summarily remand a case. *See Scholastic Entm't, Inc. v. Fox Ent. Grp.*, 366 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, there is a "strong presumption" against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

## III.    DISCUSSION

Defendant asserts this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441 ("Section 1331" and "Section 1441" respectively). (ECF No. 1 at 2). Section 1441 provides, in relevant part, that a defendant may remove a civil action to federal court when the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, original federal jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 286, 392 (1987). A case may not be removed based on a federal defense or counterclaim. *See id.* at 393; *Vaden v. Discovery Bank*, 556 U.S. 49, 59 (2009) (finding federal jurisdiction cannot rest upon an actual or anticipated counterclaim).

Here, the Court finds the Defendant's invocation of federal question jurisdiction unpersuasive. Defendant bases her removal on a federal question presented by her Answer. *See* (ECF No. 1 at 2). However, the underlying Complaint in this action appears to allege

only simple unlawful detainer, which does not arise under federal law.  (ECF No. 1 at 5–8); *See Marina Admiralty Company v. Seager*, No. 2:22-cv-1007-AB (MARx), 2022 WL 575965, at *1 (C.D. Cal. Feb. 24, 2022) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *see also Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted).  Therefore, because Plaintiff's Complaint does not present a federal question, the Court lacks jurisdiction under Section 1331.

## IV.    CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Ventura, forthwith.

IT IS FURTHER ORDERED that Defendant's Application to Proceed Without Prepaying Fees or Costs is DENIED as moot.

**IT IS SO ORDERED**.

DATED:    December 12, 2022

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE